IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION )<br>)<br>)<br>PLAINTIFF, )<br>)<br>)<br>)<br>)<br>vs. )<br>)<br>FEDERAL EXPRESS CORPORATION, )<br>d/b/a FEDEX EXPRESS )<br>)<br>DEFENDANT. )<br>) | CIVIL ACTION NO: 1:25-cv-00454<br><br>ANSWER OF DEFENDANT<br>FEDERALEXPRESS CORPORATION |

**COMES NOW,** Defendant Federal Express Corporation ("FedEx" or "Defendant") and in response to the Complaint filed against it by Plaintiff U.S. Equal Employment Opportunity Commission with regard to the claims of Charging Party Ilyse Johnson ("Charging Party"), states the following:

### NATURE OF THE ACTION

In response to the initial paragraph of the Complaint entitled "Nature of the Action," FedEx admits only that Plaintiff purports to bring a cause of action against FedEx under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991. FedEx, however, denies any other allegations contained in that paragraph.

### JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint asserts a legal conclusion and does not contain any factual allegations to which a responsive pleading is required including an admission of denial

from Defendant. To the extent there are any factual allegations in Paragraph 1, FedEx denies the same.

2. In response to Paragraph 2 of the Complaint, FedEx admits that Plaintiff purports to state allegations of unlawful employment practices that occurred in the Southern District of New York , but FedEx denies that it acted illegally in any way and denies that Plaintiff is entitled to any relief whatsoever.

## PARTIES

3. Paragraph 3 of the Complaint asserts a legal conclusion and does not contain any factual allegations to which a responsive pleading is required including an admission or denial from Defendant.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint asserts a legal conclusion and does not contain any factual allegations to which a responsive pleading is required including an admission of denial from Defendant.

6. Paragraph 6 of the Complaint asserts a legal conclusion and does not contain any factual allegations to which a responsive pleading is required including an admission of denial from Defendant

## ADMINSTRATIVE PROCEDURES

7. In response to Paragraph 7 of the Complaint, FedEx admits that Ilyse Johnson filed a Charge of Discrimination with the EEOC alleging violations of the ADA by FedEx more than thirty days prior to the institution of this lawsuit.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, leaves EEOC to its proofs.

9. In response to Paragraph 9 of the Complaint, FedEx admits that on June 17, 2024, the EEOC issued a Letter of Determination on Charging Party's Charge, and that it contained an invitation to participate in conciliation efforts but denies that FedEx acted unlawfully in any way and that Plaintiff is entitled to any relief whatsoever.

10. In response to Paragraph 10 of the Complaint, FedEx admits that it engaged in the conciliation process with the EEOC, but denies any remaining allegations contained in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, FedEx admits that the EEOC provided FedEx a correspondence dated August 29, 2024, but denies any remaining factual allegations contained in Paragraph 11.

12. Paragraph 12 of the Complaint asserts a legal conclusion to which no responsive pleading is required , including an admission or denial from FedEx. To the extent there are any factual allegations in Paragraph 12, FedEx denies the same.

## STATEMENT OF FACTS

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, FedEx denies the allegations contained in paragraph 15 of the Complaint and avers that paragraph 15 does not fully describe the work performed by dispatchers or the manner in which a dispatcher performs his/her work.

16. FedEx denies the allegations contained in Paragraph 16 of the Complaint, except to admit that it monitors dispatchers work with "Dispatcher Work Station" but denies that the "Dispatch Work Station" allows the tracking of all the dispatcher's day to day functions.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint, except to refer to a true and correct copy of the referenced document for its content.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. In response to Paragraph 20 of the Complaint, Defendant avers that Charging Party Ilyse Johnson worked as a dispatcher in Defendant's Somerset New Jersey location beginning on May 30, 1999. Prior to working as a dispatcher at that location Johnson worked as a customer service agent. Defendant denies any remaining allegation contained in Paragraph 20.

21. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 21 of the Complaint and therefore denies the same.

22. Defendant is without sufficient information to admit nor deny the allegations contained in Paragraph 23 of the Complaint and therefore denies the same.

23. In response to Paragraph 23 of the Complaint Defendant admits that it offered to transfer New Jersy based dispatchers to courier and customer service agent positions, but denies the remaining factual allegations contained in Paragraph 23 of the Complaint.

24. Defendant is without sufficient information to admit nor deny the allegations contained in Paragraph 24 of the Complaint and therefore denies the same.

25. In response to Paragraph 25 of the Complaint, Defendant admits soon after the COVID pandemic began it approved dispatchers to work from home for a limited time, but avers that it advised dispatchers that the work from home arrangement was temporary.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint, except to refer to a true and correct copy of the referenced document for its content.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint, except to admit that Charging Party submitted an accommodation request.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint as stated, except to admit that the Committee reviewed the Charging Party's accommodation request and documents submitted.

32. In response to the allegations contained in Paragraph 32 of the Complaint, Defendant avers that on October 28, 2021, Johnson was informed that the Corporate Human Management Committee approved her request to work from home temporarily until the Committee could review updated medical information provided by Johnson. Defendant denies any remaining allegations contained in Paragraph 32.

33. Defendant admits the allegations contained in Paragraph 33 of the Complaint.

34. In response to Paragraph 34 of the Complaint, Defendant refers Plaintiff to the Charging Party's performance appraisals.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint, as stated, except to admit that other FedEx employees in New York City requested to work from home.

36. In response to Paragraph 36 of the Complaint Defendant admits that in February of 2023 Managers Robert Villalba and Ricardo Murata requested the committee to review the telework accommodations for Charging Party and other dispatchers based out of the New York City Office, but avers that their stated reasons for the request was due to COVID case numbers decreasing significantly over the previous few months, and a vast majority of the counties across the country were at low risk of transmission according to the CDC, and there was an operational need for dispatchers to work at the office to interact with other team members and step in to assist on a frequent basis.

37. Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint, except to refer to a true and correct copy of the referenced document for its content.

39. Defendant admits the allegations contained in Paragraph 39 of the Complaint, except to refer to a true and correct copy of the referenced document for its content..

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint, except to refer to a true and correct copy of the referenced document for its content..

41. Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant admits the allegations contained in Paragraph 46 of the Complaint, except to refer to a true and correct copy of the referenced document  for its content..

47. Defendant admits the allegations contained in Paragraph 47 of the Complaint.

48. Defendant admits the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint, except to refer to a true and correct copy of the referenced document for its content.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint, except to refer to a true and correct copy of the referenced document for its content.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

**STATEMENT OF CLAIMS**

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant admits the allegations contained in Paragraph 55 of the Complaint as to Charging Party.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

**PRAYER FOR RELIEF**

Defendant denies that the Plaintiff Commission, the Charging Party, or similarly situated aggrieved employees, are entitled to any of the relief sought by Paragraphs A. B. C. D. E. F. G. and/or H. of the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

FedEx further denies each and every allegation not expressly admitted herein. Without assuming any burden of proof FedEx does not otherwise bear, and reserving the right to amend its Answer to assert additional defenses that may become known during the course of these proceedings, and as otherwise permitted by the Rules of Civil Procedure and orders of this Court, FedEx asserts the following affirmative and other defenses:

1. The Complaint fails to state a claim upon which relief may be granted in whole or in part.

2. To the extent Plaintiff relies on any events, allegations, or claims occurring outside the applicable statute of limitations, those events, allegations, or claims are barred.

3.      Ilyse Johnson and other potential aggrieved individuals may have executed agreements requiring them to bring any action against FedEx within a designated time period of the alleged violation.  Accordingly, their claims as to acts and/or omissions occurring outside such time period are barred by a contractual limitation periods.

4.      The employment decisions at issue were made by FedEx for legitimate non-discriminatory and non-retaliatory business reasons and were undertaken in good faith and in compliance with all applicable laws. Alternatively, FedEx would have made the same personnel decisions despite any proven discriminatory or retaliatory motive.

5.      All conduct of FedEx's employees was protected by the managerial and business judgment privileges.

6.      Without conceding Ilyse Johnson and other potential aggrieved individuals have suffered any damages because of any alleged wrongdoing by FedEx, Plaintiff's claims are subject to the damage caps imposed by law.

7.      FedEx alleges the Complaint and each cause of action set forth therein are barred because all conduct toward Ilyse Johnson and other potential aggrieved individuals was undertaken by reason of business necessity and/or for lawful business reasons.

8.      At all relevant times hereto, FedEx had policies prohibiting unlawful discrimination in the workplace and such policies were well-known to employees.

9.      While FedEx denies that any of its agents acted in any manner that would constitute a violation of any law, if any such violation occurred, it occurred outside the scope of such agency and without the consent of FedEx. FedEx did not authorize, condone, ratify or tolerate any illegal acts but, instead, prohibited such acts, and such conduct may not be attributed to FedEx through principles of agency, *respondeat superior* or otherwise.

10. Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified any adverse employment actions taken against Ilyse Johnson and other potential aggrieved individuals.

11. Without admitting any of the facts or allegations contained in the Complaint, FedEx avers its acts, if any, in reference to the matters or things alleged in the Complaint were unintentional and were neither willful nor reckless so as to bar or reduce recovery herein.

12. FedEx engaged in good-faith efforts to comply with the Americans with Disabilities Act of 1990 and all other applicable laws, and therefore cannot be liable for punitive damages or liquidated damages. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

13. Without admitting any allegation contained in the Complaint, Plaintiff's claim for punitive damages fails because the Plaintiff cannot prove by clear and convincing evidence that FedEx nor any of its officers, directors, or managing agents acted with actual malice or reckless indifference toward any members of the putative class's protected rights.

14. Without admitting any of the allegations contained in the Complaint, to the extent that the Complaint, and each alleged cause of action therein seeks punitive or exemplary damages, it violates FedEx's rights to procedural and substantive due process and FedEx's rights to protection from "excessive fines" as provided in the Fourteenth, Fourth and Eighth Amendments to the United States Constitution and the parallel provisions of any applicable State or Commonwealth constitutions and, therefore, fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

15. With respect to Plaintiff's demand for punitive damages, FedEx specifically incorporates by reference any and all standards or limitations regarding the determination and/or

enforceability of punitive damage awards which arose in the decision of *BMW of No. America v. Gore*, 116 U.S. 1589 (1996).

16. Any claims that Ilyse Johnson and other potential aggrieved individuals have for back pay, front pay, and benefits are barred to the extent these individuals failed to inform FedEx they were able to return to work, diligently seek other employment or otherwise mitigate their alleged damages. Alternatively, to the extent that any member of the putative class has mitigated his or her alleged damages, FedEx is entitled to offset those amounts from any alleged damages.

17. Plaintiff may not recover back pay for any periods of time that Ilyse Johnson and other potential aggrieved individuals was/is unable to work or limited in work.

18. Plaintiff's Complaint, and all causes of action therein, are barred by the exclusive remedy provisions of the applicable workers' compensation laws of the states where the members of the putative class reside.

19. If Charging Party and other potential aggrieved individuals has received or in the future receives Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Ilyse Johnson and other potential aggrieved individuals.

20. FedEx made good faith efforts to accommodate Ilyse Johnson and other potential aggrieved individuals.

21. To the extent FedEx denied Ilyse Johnson and other potential aggrieved individuals' requests for accommodations, such accommodations would have imposed an undue hardship on FedEx's operations.

22. Plaintiff's disability-related claims are barred on the ground that Plaintiff, Ilyse Johnson and other potential aggrieved individuals failed to engage in good faith in an interactive process with Defendant.

23. Plaintiff's disability-related claims are barred on the ground that Plaintiff, Ilyse Johnson and other potential aggrieved individuals, could not perform the essential functions of their positions.

24. To the extent Plaintiff's claims raise matters occurring more than 300 days prior to the date on which any plaintiff allegedly filed a charge with the Equal Employment Opportunity Commission and/or corresponding state agency, the Court lacks jurisdiction with respect to any such matters.

25. To the extent Plaintiff's claims raise matters that are not reasonably within the scope of any charge Ilyse Johnson and other potential aggrieved individuals allegedly filed with the Equal Employment Opportunity Commission and/or corresponding state agency, the Court lacks jurisdiction with respect to any such matters.

26. Recovery by Plaintiff would constitute unjust enrichment.

27. Plaintiff lacks standing to sue on behalf of the alleged aggrieved party.

28. Plaintiff lacks standing and/or authority to seek some or all of the declaratory or injunctive relief sought.

29. Plaintiff's, Ilyse Johnson's and other potential aggrieved individuals' claims and damages may be barred, in whole or in part, by the doctrine of laches or doctrine of unclean hands.

30. Plaintiff's, Ilyse Johnson's and other potential aggrieved individuals' claims are barred on the ground to extent that they breached the duties that they owed to FedEx as

11

employees, including but not limited to the duty of loyalty, the obligation to follow FedEx's policies and work rules, and their obligation to follow supervisor directions and instructions.

**WHEREFORE,** having fully answered, Defendants pray that this Court enter judgment in its favor and that it recovers against Plaintiff all costs, expenses and reasonable attorneys' fees incurred by Defendant, and such other and further relief as the Court deems just and proper.

Dated:  March 17, 2025

Respectfully submitted,

**FISHER & PHILLIPS LLP**

By:  */s/ Kathleen McLeod Caminiti*
400 Connell Drive, Suite 4000
Berkeley Heights, NJ  07922
Phone:  (908) 516-1050
E-mail:  kcaminiti@fisherphillips.com


*/s/ Charles V. Holmes*
Charles V. Holmes (*pro hac vice* to be submitted)
Barak J. Babcock (*pro hac vice* to be submitted)
**FEDERAL EXPRESS CORPORATION**
3620 Hacks Cross Road
Building B, 2nd Floor
Memphis, TN 38125
P: (901) 434-8485
E: charles.holmes@fedex.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 17, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party by operation of the CM/ECF and electronic transmission:

>Karla Gilbride, General Counsel
>Christopher Lage, Deputy General Counsel
>Gwendolyn Reams, Associate General Counsel
>U.S. Equal Employment Opportunity Commission
>131 M Street, N.E.
>Washington, DC  20507
>
>Kimberly A. Cruz, Regional Attorney
>U.S. Equal Employment Opportunity Commission
>New York District Office
>33 Whitehall Street, 5th Floor
>New York, NY  10004-2112
>kimberly.cruz@eeoc.gov
>
>Andres F. Puerta, Trial Attorney
>U.S. Equal Employment Opportunity Commission
>Newark Area Office
>Two Gateway Center, 17th Floor
>Newark, NJ  07102
>andres.puerta@eeoc.gov
>
>**Attorney for Plaintiff**

>/s/ *Charles V. Holmes*
>Charles V. Holmes