

**Charles V. Holmes**
**Lead Counsel**
**3620 Hacks Cross Road**
**Building B, 2nd Floor**
**Memphis, TN 38125**
**Telephone: 901-434-8485**
charles.holmes@fedex.com

July 29, 2025

**Via ECF**

Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

**RE:**   *U.S. Equal Employment Opportunity Commission v Federal Express Corporation*, Civil Action No. 1:25-cv-00454 – Order to Show Cause

Dear Judge Vyskocil,

On July 28, 2025, this Court issued an Order to Show Cause why the parties failed to timely file a Joint Letter in advance of the Pretrial Conference scheduled for July 31, 2025. (ECF Doc. 16)  As noted in the Court's Show Cause Order, the parties timely filed a Proposed Case Management Plan but failed to file a Joint Letter at that time.

The Defendant Federal Express Corporation apologizes for the parties' failure to file a Joint Letter when the Proposed Case Management Plan was filed. As explained below, the failure of the parties to file a Joint Letter when the Proposed Case Management Plan was filed was due to their misinterpretation of the Court's Order of June 18, 2025, granting the parties Joint Letter Motion. (ECF Doc. 16)

As a matter of background, through this action the Plaintiff EEOC alleges FedEx violated the ADA when it failed to reasonably accommodate FedEx Dispatchers who requested telework as a reasonable accommodation for their alleged disabilities. The EEOC seeks monetary relief, as well as injunctive relief relating to FedEx's ADA Policies and Training Procedures.

Because this case qualifies as a "counseled employment case", it was referred to the Southern District of New York's Alternative Dispute Resolution Program of Mediation on March 18, 2025. (ECF Doc. 8) Subsequently, the parties exchanged "core discovery" information as required by the Court's Discovery Protocols.

Since June 12, 2025, the parties have continued to participate in a mediation conducted by the Court appointed mediator Rebecca Houlding. With the help of Mediator Houlding the parties are drafting a proposed comprehensive Consent Decree, which includes detailed provisions relating to the injunctive relief sought by the EEOC regarding FedEx's ADA Policies and Training Procedures.

In regard to the mediation, a number of docket entries have been entered relating to the mediation's status: On April 16, 2025, a docket entry was entered stating that the First Mediation Conference was being held on June 16, 2025; and on June 17, 2025, a docket entry was entered stating that a subsequent mediation conference would be held on June 23, 2025.

After the June 17, 2025 docket entry, the Parties submitted a Joint Letter Motion requesting that the Initial Scheduling Conference scheduled for June 26, 2025, be rescheduled to allow the parties to focus their efforts on the mediation. (ECF Doc. 13). On June 18, 2025, the Court granted this request stating: "GRANTED. **The parties shall file a joint status letter within three days of the conclusion of the mediation.** The IPTC is ADJOURNED to July 31, 2025, at 10:30 a.m. The JL and proposed CMP are due one week before the conference…" (emphasis added) (ECF Doc. 14).

Unfortunately, because of the parties' misinterpretation of the Court's Order granting the Joint Letter Motion (ECF Doc. 14), the parties erroneously concluded that the Joint Letter was not due until three days after the conclusion of the Mediation. It was because of this erroneous interpretation that the parties failed to submit the Joint Letter at the same time the Proposed Scheduling Order was filed.

It is now apparent that the parties were confused due to the requirement to submit two joint letters: (1) the joint letter to be filed as directed by the Court's April 16, 2025, Notice of Initial Pretrial Conference (ECF Doc. 12); and (2) the mediation Joint Letter to be filed within three days of the conclusion of the mediation, as directed by this Court's Order granting the parties Joint Letter Motion. (ECF Doc. 14.)

Honorable Mary Kay Vyskocil
July 29, 2025
Page **3** of **3**

      The Parties have now corrected the error, having filed the Joint Letter on July 29, 2025. (ECF Doc. 17) The Defendant Federal Express Corporation again apologizes for its mistake and asks the Court not to issue any sanctions for the unfortunate misinterpretation made by the parties.

      Respectfully Submitted,

      /s/ Charles V. Holmes
      Charles V. Holmes (Admitted *Pro Hac Vice)*

      **Counsel for Federal Express Corporation**

**cc: Andres F. Puerta (EEOC Attorney) (Via ECF)**