**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, v. FEDERAL EXPRESS CORPORATION, d/b/a FEDEX EXPRESS, Defendant. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___4/16/2026___

Civ. Action No. 1:25-cv-00454
(MKV)

## CONSENT DECREE

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Defendant Federal Express Corporation, d/b/a FedEx Express ("Defendant") violated the Americans with Disabilities Act of 1990, as amended ("ADA"), and to obtain appropriate relief for the Charging Party and a class of similarly aggrieved individuals harmed by such practices. Specifically, the EEOC alleged Defendant failed to provide Charging Party and a class of similarly aggrieved individuals with a reasonable accommodation for their disabilities.

The EEOC and Defendant (collectively, the "Parties") have agreed that this action should be resolved by entry of this Consent Decree ("Decree"). The Parties, therefore, hereby stipulate and consent to the entry of this Decree as final and binding on the Parties, including Defendant's successors, assigns, subsidiaries, and any other entity with which Defendant may merge or consolidate. The Parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made or entered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows, this Court finds

appropriate, and it is therefore **ORDERED, ADJUDGED, AND DECREED** that:

## I.     GENERAL PROVISIONS

1.     This Decree is final and binding on the Parties and resolves the claims alleged in the EEOC's Complaint in this case, which arose from EEOC Charge No. 524-2023-01182. This Decree does not resolve any other charge of discrimination pending before the EEOC or any charge that may be filed in the future.

2.     The Parties agree and the Court finds that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper, and that all administrative prerequisites have been met.

3.     By mutual consent of the Parties, this Decree may be amended in the interests of justice and fairness, and to facilitate execution of this Decree's provisions. Unless otherwise specifically noted herein, no waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all the Parties to this Decree, and approved or ordered by the Court.

4.     No party shall contest the Court's jurisdiction to enforce this Decree and its terms or the right of the EEOC to bring an enforcement action upon breach of any term of this Decree in any federal court with jurisdiction. Breach of any term of this Decree shall be deemed to be a material, substantive breach of this Decree. The Court will retain jurisdiction over any such enforcement proceeding initiated during the duration of this Decree. Nothing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree in the event that Defendant fails to perform any of the promises or representations herein. This Decree will be construed by this Court under applicable federal law.

5.     If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply

to ensure that this Decree continues to effectuate the intent of the Parties: the provisions of this Decree that are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the Parties' responsibilities will remain unchanged.

6.      The terms of this Decree represent the full and complete agreement of the Parties.

## II.    DEFINITIONS

7.      "Defendant" means Federal Express Corporation, d/b/a FedEx Express, its officers, managers, agents, successors, assigns, full or partial purchasers, subsidiaries, and any other corporation or other entity into which Defendant may merge, consolidate, or otherwise become affiliated with, and any entities in active concert with it.

8.      "Day" or "days" mean calendar days and include weekends and holidays, unless "business days" are specified.

9.      "Effective Date" means the date this Decree is entered by the Court following the Court's execution of the Decree.

10.     "Employee(s)" means any individual employed directly by Defendant and/or individuals employed by Defendant through a third-party, such as a staffing agency.

## III.   DURATION AND EXECUTION

11.     The duration of the Decree shall be for a period three (3) years to begin immediately following the Court's entry of this Decree.

12.     If the EEOC notifies Defendant in writing not less than thirty (30) days before the expiration of this Decree that Defendant is not in compliance with any of the terms of this Decree, Defendant's obligations under this Decree will not expire while any negotiation concerning the compliance issues raised is ongoing or any enforcement action concerning the Decree is pending.

13.     The Court retains jurisdiction over this action during the duration of this Decree and

has all available powers to enforce this Decree including, but not limited to, monetary sanctions and injunctive relief. The matter may be administratively closed but will not be dismissed during the duration of this Decree.

## IV.  INJUNCTIVE RELIEF

14.    Defendant is enjoined from discriminating on the basis of disability in any phase of employment including recruitment, interviewing, hiring, job assignment, job assessment or testing, promotion, termination, training, and any other terms, conditions, or privileges of employment. This includes discrimination resulting from a failure to provide an applicant or employee with a reasonable accommodation absent undue hardship under the ADA, interfering with an applicant or employee's exercise of their rights under the ADA, or disclosing confidential medical information in violation of the ADA.

15.    Defendant shall take all affirmative steps to ensure its Corporate Accommodation Committee, its Accommodation Team, management, and any other decision makers involved in determining requests for disability accommodations engage in a good faith interactive process with applicants or employees. Defendant shall ensure these decision makers understand the applicant's or employee's need for accommodation and offer effective, alternative accommodations where appropriate as required by law, including, but not limited to, specifically assessing and identifying the operational needs of the business unit at issue.

16.    Defendant is enjoined from engaging in retaliation against applicants or employees who have requested a reasonable accommodation for a disability pursuant to the ADA, or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing related to such request for accommodation.

17.    Within ninety (90) days of aggrieved individual Mark Kundrack ("Kundrack") providing Defendant medical documentation of his need for a reasonable accommodation to work

from home, Defendant shall:

    a) Reinstate Kundrack to a R0016 Customer Experience Coordinator position (or a position with equivalent pay, seniority and duties);

    b) Grant Kundrack a reasonable accommodation which permits him to work from his home on a full-time basis as an accommodation for his disabilities;

    c) Assign Kundrack to a duty station/hub other than the 130 Leroy Street, New York, New York location;

    d) Assign Kundrack to supervisors other than Roberto Villalba; and

    e) Provide Kundrack with any and all retroactive seniority and retroactive pay increases to which he would have been entitled if he had remained employed with Defendant from his original date of hire to the present.

18. Defendant shall provide the EEOC with copies of any documents/communications sent to Kundrack relating to his reinstatement or employee onboarding process within seven (7) days of the date when Defendant initiates the process outlined in Paragraph 17.

19. Defendant shall limit any future requests for medical documentation of Kundrack's need for a reasonable accommodation to work from home to not more than once a year after the date of his reinstatement.

## V.    MONETARY RELIEF

20. Within twenty-one (21) days of the Effective Date of this Decree, Defendant will issue payments totaling **$280,000.00** as described in Paragraphs 21-23 below.

21. Within twenty-one (21) days of the Effective Date of this Decree, Defendant will pay Charging Party Ilyse Johnson a total of **$115,000.00**, allocated as follows:

    a) $8,500.00 subject to regular employment withholding, representing lost wages and benefits (inclusive of interest). This payment shall be reflected on an IRS form W-

2;

b) $36,500.00, subject to regular employment withholding, representing front pay (inclusive of interest). This payment shall be reflected on an IRS form W-2; and

c) $70,000.00 from which no withholding will be made (subject to an IRS Form 1099), representing compensatory economic and non-economic damages and punitive damages.

22.     Within twenty-one (21) days of the Effective Date of this Decree, Defendant will pay Mark Kundrack a total of **$130,000.00**, allocated as follows:

a) $100,000.00, subject to regular employment withholding, representing lost wages and benefits (inclusive of interest). This payment shall be reflected on an IRS form W-2; and

b) $30,000.00, from which no withholding will be made (subject to an IRS Form 1099), representing compensatory non-economic damages and punitive damages.

23.     Within twenty-one (21) days of the Effective Date of this Decree, Defendant will pay Brian Hartmann a total of **$35,000.00**, allocated as follows:

a) $18,000.00, subject to regular employment withholding, representing lost wages and benefits (inclusive of interest). This payment shall be reflected on an IRS form W-2; and

b) $17,000.00 from which no withholding will be made (subject to an IRS Form 1099), representing compensatory non-economic damages and punitive damages.

24.     Within three (3) days of the Effective Date of this Decree, the EEOC will provide Defendant with details concerning the address where the payments referenced in Paragraphs 21-23 shall be sent, and any other information needed to process payments. These payments shall be provided to Charging Party, Mark Kundrack, and Brian Hartmann in the following manner:

a) Checks for each of the payments referenced in Paragraphs 21-23 shall be sent via national courier or certified mail (proof of delivery requested) no later than the twenty-first (21st) day following the Effective Date; and

b) A photocopy of each check and the related tax documents referenced in Paragraphs 21-23 and any related correspondence shall also be sent to the EEOC via email to emily.kempa@eeoc.gov and consentdecreemonitor@eeoc.gov and by Regular U.S. mail to Consent Decree Monitor, U.S. EEOC, 33 Whitehall Street, 5th Floor, New York, NY 10004, at the same time the documents are sent to Charging Party, Mark Kundrack, and Brian Hartmann.

25.    The total of the payments set forth in Paragraphs 21-23 is a debt owed to and collectible by the United States Government, for the benefit of the Charging Party, Mark Kundrack, and Brian Hartmann.

26.    Failure to make payments as described in Paragraphs 21-23 is a material breach of this agreement and is exempted from the dispute resolution procedure described in Paragraphs 46-47 below.

27.    If Defendant fails to tender the payments described in Paragraphs 21-23 above, Defendant will pay interest on the defaulted payment(s) at the rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs and expenses incurred by Defendant's non-compliance or delay including, but not limited to, those costs relating to enforcement and collection.

## VI.    POSTINGS AND NOTICES

28.    Within ten (10) days of the Effective Date of this Decree, Defendant will post EEOC's current "Know Your Rights-Workplace Discrimination is Illegal" poster in conspicuous places where employee notices are posted at Defendant's 130 Leroy Street, New York, New York location, and

Defendant will ensure copies of the most current poster are posted in English and in Spanish.

29.     Within ten (10) days of the Effective Date of this Decree, Defendant will sign and conspicuously post a Notice to Employees as drafted by the EEOC and as agreed to by the Defendant. *See* **Attachment A**. Defendant will post copies of the Notice on all employee bulletin boards and in all employee break rooms at Defendant's 130 Leroy Street, New York, New York location in both English and Spanish, on Defendant's internal Human Capital Management Program ("HCMP") website or successor website, on the HR People Hub website or successor website, and the Employment Law Reference Guide Website or successor website. The Notice to Employees will remain posted in the manner described in this Paragraph for the full duration of the Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.

## VII.   POLICIES AND PROCEDURES

30.     Within twenty-one (21) days of the Effective Date of this Decree, Defendant's "Policy – Disability Accommodation" and "Guidelines – Disability Accommodation" will include the following minimum provisions:

    a) A definition of disability under the ADA, including examples of physical and mental impairments;

    b) An explanation of whom an individual requesting an accommodation should contact, and that Defendant shall, prior to rendering a decision on the requested accommodation, engage directly with the employee requesting an accommodation to understand the employee's disability and accommodation being requested, whether that accommodation would be effective and can be provided absent undue hardship, and to suggest possible alternative accommodations, if necessary;

    c) A statement that employees who engage in protected activity, including making a request for accommodation, are protected from retaliation;

d)  The identification by title(s) of the individuals to whom requests for disability accommodations should be directed;

e)  The procedure for requesting a reasonable accommodation under the ADA;

f)  An explanation of each step in the process after a request for an accommodation is made and that all requests and appeals will be addressed promptly; and

g)  The hotline, phone number, and/or e-mail address where an applicant or employee can ask questions about the accommodation process and to which requests for reasonable accommodation may be directed.

31.  Within twenty-one (21) days after ensuring that its "Policy – Disability Accommodation" and "Guidelines – Disability Accommodation" comply with Paragraph 30, Defendant will publish its "Policy – Disability Accommodation" and "Guidelines – Disability Accommodation" to its Purple Gateway that is accessible to employees subject to the policy and it will announce the policy's publication via all means typically used to inform employees of important workplace updates, including "The Source."

## VIII.  TRAINING

32.  All training described below shall be mandatory for the duration of the Decree.

33.  Defendant shall document employee attendance at all training sessions required by this Decree by having employees verify their attendance in writing or electronically, including date of attendance and position/title. Defendant shall maintain copies of these attendance-verification documents for the duration of the Decree.

34.  Within sixty (60) days of the Effective Date of this Decree, and for each year thereafter that this Decree is in effect, Defendant will provide to all non-supervisory employees at its 130 Leroy Street, New York, New York location, a one (1) hour interactive training (with participants being given the opportunity to ask questions during the training), which may be conducted live in-person

or live via web platform, on the ADA, as amended. The training will be completed during the employees' paid working hours and shall include an overview of the requirements of the ADA, including but not limited to:

a) A statement that disability discrimination, including failure to provide a reasonable accommodation and retaliation for requesting a reasonable accommodation or otherwise engaging in protected activity are against the law;

b) A definition of disability under the ADA, with examples of disabilities, including both physical and mental impairments;

c) Examples of circumstances where an employee may request a reasonable accommodation;

d) An explanation of how an employee can request a reasonable accommodation, including identifying the individual(s) to whom a request can be made and listing a hotline, phone number, or e-mail address where an applicant or employee can submit such requests for reasonable accommodation and a statement that accommodations requests can be made in plain language;

e) An explanation of the interactive process after requesting a reasonable accommodation and Defendant's obligation to engage in the interactive process in connection with the ADA;

f) An explanation that employee medical information is maintained confidentially and separately from personnel information;

g) An explanation of when Defendant may request documentation of a disability or a need for a reasonable accommodation and what documentation it may request consistent with the ADA;

h) Examples of conduct by an employee that constitute protected activity (*i e.,*

10

making an accommodation request, opposing or reporting discrimination or harassment, participating in an investigation, or filing a Charge of Discrimination with a local, state, or federal agency);

i) Examples of the types of conduct that may constitute retaliation;

j) The worker's right to be free from retaliation and responsibility to refrain from conduct that may constitute retaliation;

k) An explanation of Defendant's complaint processes, including the investigative process, and an assurance that persons who report discrimination or harassment or provide information as part of any investigation will not be subject to retaliation; and

l) Identification of federal, state, or local agencies responsible for enforcing anti-discrimination laws, a statement that employees can also make complaints to these agencies and contact information for each agency.

35.    Within sixty (60) calendar days of the Effective Date of this Decree, and for each year thereafter that this Decree is in effect, Defendant will provide to its management, supervisory, and human resources employees assigned to Defendant's 130 Leroy Street, New York, New York location a one (1) hour interactive training (with participants being given the opportunity to ask questions during the training), to be conducted live in-person or live via web platform, on the ADA, as amended. The training will include at a minimum the requirements of the ADA including, but not limited to:

a) The prohibition against discriminating against applicants and employees with disabilities;

b) Examples of disabilities, including both physical and mental impairments;

c) The requirement of an employer to provide a reasonable accommodation, absent undue hardship;

d) Examples of accommodation requests relating and relevant to Defendant's workforce;

e) Examples of potential ADA violations, including enforcing a 100%-healed policy, failing to provide deaf and hard-of-hearing employees with assistive technology, among others;

f) An explanation of what steps managerial employees must take if they receive a request for reasonable accommodation or an inquiry for information;

g) The requirement to engage in an individualized, interactive process with an applicant or employee who requests an accommodation, and how to do so effectively;

h) How to identify potentially effective accommodations for persons with disabilities;

i) An explanation of when Defendant may request documentation of a disability or a need for a reasonable accommodation and what documentation it may request consistent with the ADA;

j) The obligation to and best practices for suggesting alternative accommodations;

k) How to assess undue hardship;

l) The prohibition against retaliation for employees or applicants who make accommodation requests, complain about disability discrimination or harassment, or engage in another protected activity covered by the ADA, and consequences for engaging in retaliatory conduct;

m) Examples of conduct that may constitute retaliation under the ADA;

n) The prohibition against interference with a person's ADA rights and examples;

o) A discussion of the need for confidentiality when discussing disability in the

12

workplace, including the ADA's requirement that all information related to employees' medical conditions must be maintained in separate files from the employee's personnel records and treated as a confidential medical record; and

p) A review of Defendant's policies relating to the ADA, processes for requesting a reasonable accommodation, and an explanation of the rights and responsibilities of applicants, employees, and managers under the policies.

36. Within sixty (60) calendar days of the Effective Date of this Decree, and for each year thereafter that this Decree is in effect, Defendant shall provide a one (1) hour interactive training on the ADA to all employees who work on the Accommodations Team and serve on the Corporate Accommodations Committee. This training shall be live (with participants being given the opportunity to ask questions during the training), and may be delivered in-person, via web platform, or both. This training shall be conducted on an annual basis during the period of this Decree. This training shall address the requirements of the ADA, including, but not limited to:

a) The prohibition against discriminating against employees with disabilities;

b) A definition of disability covered by the ADA, with examples of physical and mental disabilities;

c) An explanation of the ADA's confidentiality provisions and Defendant's responsibility to maintain health and medical information separate from regular personnel files and keep this information confidential;

d) A discussion of the employer's obligation to engage in the interactive process to identify an accommodation, even if the employee is unable to do so on their own;

e) Examples of requests for a reasonable accommodation, including telework;

f) How to identify potentially effective accommodations for persons with disabilities;

13

g) An explanation of when Defendant may request documentation of a disability or a need for a reasonable accommodation and what documentation it may request consistent with the ADA;

h) An explanation of undue hardship and how to make an assessment of whether a requested accommodation constitutes an undue hardship, including a discussion of considerations that are not permissible;

i) An explanation that generalized conclusions are insufficient to establish an undue hardship to Defendant;

j) A discussion that the ADA protects employees from retaliation who make accommodation requests, complain about discrimination or harassment, or engage in other protected activity covered by the ADA;

k) A discussion that the ADA also protects employees from coercion, threats, intimidation, or interference with respect to the exercise or enjoyment of their ADA rights or the assistance of another in exercising or enjoying their rights; and

l) Examples of the types of conduct that may constitute retaliation or interference and consequences for engaging in retaliatory conduct.

37.   The training described in Paragraphs 34, 35, and 36 will be developed and provided by an independent, third-party subject matter expert ("SME") agreed to by the EEOC. Defendant will identify its chosen SME and provide their training materials to the EEOC for their review, along with a resume/CV description of the SME's qualifications, at least thirty (30) business days prior to each training session. The EEOC will not unreasonably withhold agreement on the SME. The EEOC shall have seven (7) business days from the date it receives the information described above to agree or reject the proposed trainer and/or the content the training proposes to present. Defendant shall then have seven (7) business days from the date it receives the information described above to agree to or

reject the alternate trainer and/or content. If the Parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance, during which time the deadlines contained in Paragraphs 34, 35, and 36 will be stayed.

38.     At least five (5) business days prior to each training session required by this Decree, Defendant will submit to the EEOC an agenda for the training program by electronic mail to emily.kempa@eeoc.gov and decreemonitor.nydo@eeoc.gov.

39.     Within ten (10) business days after completion of each training session, Defendant will certify to the EEOC in writing via email (emily.kempa@eeoc.gov and decreemonitor.nydo@eeoc.gov) that the training was conducted and attach copies of training materials used and a roster of all personnel in attendance, including names and positions.

## IX.    RECORDKEEPING AND REPORTING

40.     The EEOC may review Defendant's compliance with the provisions of this Decree. As part of its review, and upon ten (10) business days' notice, the EEOC may inspect Defendant's facility at 130 Leroy Street, New York, New York, interview employees, and examine and copy documents relevant to verifying compliance with this Decree. The EEOC will notify Defendant's counsel to arrange such actions, unless EEOC determines that there is a threat of immediate harm to the public interest. Defendant will make employees available to the EEOC and shall permit non-management employees to speak confidentially with the EEOC for the purpose of verifying compliance with this Decree.

41.     For the duration of this Decree, Defendant must create and maintain such records as are necessary to demonstrate its compliance with this Decree and with 29 C.F.R. § 1602, *et seq.*

42.     Every six (6) months from the Effective Date of this Decree, Defendant will report the following information to the Commission with respect to its 130 Leroy Street, New York, New York location:

a) Receipt of any request to accommodate a disability during the six (6) month period;

b) The name and job title of the individual making the request;

c) The name and job title of any individuals involved in evaluating the request, including involvement with an interactive process;

d) The name and job title of any individual(s) involved in deciding whether to grant or deny each requested evaluation;

e) The outcome of each requested accommodation; and

f) All complaints of disability discrimination, including the name and job title of the individual submitting the complaint; whether Defendant initiated an investigation in response to such complaint; and the results of such investigation.

43. Within six (6) months of the Effective Date of this Decree, Defendant will submit copies of all documents implementing changes in employment policies and practices referenced in this Decree, and records of the conduct of training programs, specifying the date and place of training and including a list of attendees and position.

## X.  ANNUAL EXECUTIVE MESSAGE

44. Each year this Decree is in effect, on the Effective Date anniversary, an executive or manager for Defendant shall release a message, via video message, e-mail, or internal memorandum, to all employees containing a statement of the company's commitment to the full inclusion of all qualified individuals in the workforce, including those with disabilities. Nothing in this Paragraph is meant to limit what is addressed in the annual statement, but only to identify a minimum message.

## XI.  DECREE COMMUNICATIONS

45. Except as otherwise provided for in this Decree, all notifications, reports, or other communications to the Parties pursuant to this Decree shall be made in writing and sufficient as

emailed (or, with advance written permission, mailed) to the following persons (or their designated successors):

a)    For the EEOC:

**Consent Decree Monitor**
EEOC Legal Unit
33 Whitehall Street, 5th Floor
New York, NY 10004
Decreemonitor.nydo@eeoc.gov

**Emily Kempa**
Trial Attorney
33 Whitehall Street, 5th Floor
New York, NY 10004
emily.kempa@eeoc gov

b)    For Defendant:

**Charles V. Holmes**
Lead Counsel
3620 Hacks Cross Road
Building B, Third Floor
Memphis, TN 38125
Charles.holmes@fedex.com

**Terrence O. Reed**
Managing Director of Employment Litigation
3620 Hacks Cross Road
Building B, Third floor
Memphis, TN 38125
Terrence.reed@fedex.com

Notwithstanding this Paragraph, either party may change such addresses or identify a different designee by written notice to the other party setting forth a new address for this purpose or identifying a different designee without Order of the Court or approval of the other party.

## XII.    DISPUTE RESOLUTION

46.    In the event that the EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, except with regard to Paragraphs 21-23 above, the EEOC will notify Defendant, and it must make a good faith attempt to identify, discuss and cure any breach of the Decree within twenty-one (21) days of notification.

47.    Following the twenty-one (21) days-to-cure period, if the EEOC still believes that Defendant has failed to comply with the provision(s) of the Decree identified, the EEOC shall have the right to seek Court intervention.

17

## XIII.  COSTS

48.     Each party to this Decree shall bear its own attorneys' fees and costs associated with this litigation.

## XIV.  THE EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) AND 6050X

49.     The EEOC may be required to report the fact of this settlement to the Internal Revenue Service under Section 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide Defendant with a copy of the 1098-F form that it will provide to the IRS. For purposes of issuing the 1098-F form:

The Defendant's EIN is: 71-0427007

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Charles V. Holmes, Lead Counsel
3620 Hacks Cross Road, Building B, Third Floor
Memphis, TN 38125

The EEOC has made no representations regarding whether the amount paid pursuant to this settlement paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the 1098-F form does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met  Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## XV.  NOTIFICATION OF SUCCESSORS

50.     Defendant shall provide prior written notice to any potential purchaser of its business

18

or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of this Decree. Defendant will provide written notice to the EEOC twenty-one (21) days before any transfer of its business, or any part thereof.

**APPROVED IN FORM AND CONTENT:**

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

                                            **CATHERINE L. ESCHBACH**
Acting General Counsel

**CHRISTOPHER LAGE**
Deputy General Counsel

**U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
131 M Street, N.E.
Washington, D.C. 20507

**KIMBERLY A. CRUZ**
Regional Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (929) 506-5345
Kimberly.Cruz@eeoc.gov

**EMILY R. KEMPA**
Trial Attorney
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (929) 506-5361
Emily.Kempa@eeoc.gov

**EDUMIN CORRALES**
Trial Attorney
Newark Area Office
Two Gateway Center, Suite 1703
283-299 Market Street
Newark, NJ 07102
Telephone: (862) 339-9424
Edumin.corrales@eeoc.gov

20

FOR DEFENDANT FEDERAL EXPRESS CORPORATION

**CHARLES V. HOLMES**
Lead Counsel
3620 Hacks Cross Road
Building B, Third Floor
Memphis, TN 38125
(901) 434-8485
Charles.holmes@fedex.com


**TERRENCE O. REED**
Managing Director of FedEx
Employment Litigation
3620 Hacks Cross Road
Building B, Third floor
Memphis, TN 38125
(901) 434-9604
Terrence.reed@fedex.com


SO ORDERED, ADJUDGED, AND DECREED:


Dated:    April 16, 2026

Hon. Mary Kay Vyskocil
United States District Court Judge

21

# ATTACHMENT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Newark Area Office**

Two Gateway Center, Suite 1703
283-299 Market Street
Newark, NJ 07102
Newark Direct Dial (862) 338-9410
Website www.eeoc.gov

## NOTICE OF SETTLEMENT

The U.S Equal Employment Opportunity Commission ("EEOC") is the federal agency that enforces laws against discrimination in the workplace. FedEx has entered into a settlement with the EEOC based on a lawsuit that alleged FedEx violated federal law by discriminating against and failing to provide an accommodation for disabled employees  Pursuant to this settlement, FedEx will post this notice and make certain other changes, including offering training to you explaining your rights under the American with Disabilities Act, are accomplished  Under federal law, your employer cannot discriminate against you because of your disability, because you have a record of a disability, or because they believe you have a disability. A disability is a physical or mental condition that substantially limits a major life activity (such as walking, talking, seeing, hearing, concentrating, learning, or the operation of a major bodily function). A few examples of disabilities are:

- Epilepsy
- HIV
- Cancer
- Missing Limbs

- Gestational Diabetes
- Cerebral Palsy
- Bipolar Disorder
- Autism

- Deafness
- Blindness
- Multiple Sclerosis

- Major Depressive Disorder
- Post-Traumatic Stress Disorder

An employer cannot discriminate against you because of your disability, including in hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, and any other term or condition of employment.

Employers must also provide reasonable accommodations to qualified disabled job applicants or employees who need one  A reasonable accommodation is any change in the work environment (or in the way things are usually done) to help a person with a disability apply for a job, or perform the essential duties of a job, such as making the workplace wheelchair-accessible, modifying an employee's schedule or transferring them to another open position for which they are qualified.

FedEx will comply with the Americans with Disabilities Act  If you need an accommodation, have been discriminated against based on your disability, or if you were refused an accommodation for your disability, report it to your manager or human resources advisor. Employees who seek accommodations or make complaints of discrimination are protected from retaliation by law  You can also make a complaint of discrimination, harassment, or retaliation directly to the EEOC. To do so, or if you have questions about this posting, contact the EEOC at·

**U.S. Equal Employment Opportunity Commission**
Newark Area Office
Two Gateway Center, 17th Floor
Newark, New Jersey 07102
Phone  **1-800-669-4000;** TTY (for hearing impaired). **1-800-669-6820** | ASL Video Phone (for hearing impaired) **1-844- 234-5122**
Website: http://www.eeoc.gov



**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED OR COVERED BY ANY OTHER MATERIAL**

This notice must remain posted for three (3) years from date shown above, and must not be altered, defaced, or covered by any other material. Any question concerning this Notice or compliance with its provision may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.